UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:00CV221-EHJ

CLAUDE M. MESSER                                                                                       PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court are plaintiff's objections to the United States Magistrate Judge's recommendation that the Appeals Council Decision of November 4, 2000 be upheld. In its Decision, the Appeals counsel adopted ALJ Hoban's prior Decision concluding plaintiff was disabled as of August 1, 1998 and entitled to Supplemental Security Income ("SSI") benefits, and additionally held that the plaintiff is also entitled to Disability Insurance Benefits ("DIB") beginning August 1, 1998. Plaintiff has appealed the Appeals Council Decision arguing that both DIB and SSI benefits should have been awarded as early as February of 1993, based upon a statement by then treating orthopedic surgeon Dr. Meyers. The Court has conducted a de novo review of those matters that are the subject of specific written objection, and is of the opinion that the Magistrate's proposed findings and recommendations should be adopted, and the final Decision of the Commissioner (Appeals Council Decision of November 4, 2000) upheld.

The primary objections raised by plaintiff are that he should have been awarded benefits prior to August 1, 1998 because 1) the physical and mental limitations in the residual functional capacity findings warrant an earlier finding of eligibility; 2) the Decision was based upon inadequate vocational testimony; and 3) an appropriate remedy in this case is an award of benefits from February 19, 1993 based upon the long delays that have occurred in this case. This case involves a very complicated procedural history and series of remands which will not be repeated. It is well

summarized in the Magistrate's proposed Findings of Fact, Conclusions of Law, and Recommendation. The final decision of the Commissioner is that of the Appeals Council dated November 4, 2000 wherein it adopted ALJ Hoban's prior finding of disability, but in addition to SSI benefits it found plaintiff also eligible for DIB benefits beginning August 1, 1998.

In his applications for benefits, plaintiff alleged that he became disabled on October 17, 1992 as a result of pain and limitation resulting from a gunshot wound to his left knee (Tr. 20). Of additional import is plaintiff's long term alcohol abuse beginning in his early teens (Tr. 505-507). As early as 1994, plaintiff was diagnosed with major depression (moderate) and alcohol abuse. It was not until September 5, 1998 that Dr. Weiss completed a third evaluation after plaintiff's self-report of continued depression despite his having ceased drinking some four to five weeks prior. In his report, Dr. Weiss opined that "plaintiff's alcoholism is in early full remission" and that the alcohol appears to have masked an underlying depression. Thus, ALJ Hoban determined that plaintiff was previously unable to work due to chronic alcohol abuse (which according to PL 104-121 is not a basis for an award of disability). However, as of August 1, 1998, ALJ Hoban found alcohol abuse was no longer a material impairment and that the plaintiff's physical and mental limitations were disabling as of that date. The Appeals Council adopted these findings, but also awarded plaintiff DIB benefits based upon an error in the insured status expiration date.

After reviewing the record in its entirety and conducting a de novo review of the matters raised by plaintiff's objections, the Court finds no misapplication of the law. The Magistrate's analysis of the issues and application of the law are appropriate, and his recommendations are adopted in their entirety in lieu of writing a separate opinion.

A Judgment in conformity has this day entered.